IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:07-CR-53-FL
NO. 4:10-CV-112-FL

| | |
|---|---|
| MUSHULLA SALEEM NIXON, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Petitioner asks this court to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE # 96).[1] Respondent moved to dismiss (DE # 101). Pursuant to 28 U.S.C. § 636(b)(1), this matter was committed to United States Magistrate Judge William Webb for entry of a memorandum and recommendation ("M&R") (DE # 109).

The magistrate judge recommends that the court grant respondent's motion and deny the § 2255 petition. No objections to the M&R were filed, and the issues raised in these motions are now ripe for adjudication. For the reasons that follow, the court adopts the magistrate judge's recommendation, grants respondent's motion, and denies the § 2255 petition.

## BACKGROUND

On October 14, 2008, following his plea of guilty to conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, petitioner was sentenced by this court to a term of imprisonment of two

---

[1] An earlier motion to vacate under § 2255, filed by petitioner on an incorrect form, is lodged on the docket at entry 88. The clerk is directed to terminate this duplicate motion.

hundred and seventy-seven (277) months. Petitioner timely appealed, and the Fourth Circuit affirmed petitioner's conviction while dismissing his appeal of his sentence. See United States v. Nixon, 352 F. App'x 786 (4th Cir. 2009).

On October 18, 2010, petitioner filed this *pro se* motion to vacate pursuant to § 2255. Petitioner argues that his counsel was ineffective in (1) failing to move for dismissal of the indictment based upon violation of the Speedy Trial Act; (2) failing to object to the court treating the Sentencing Guidelines as mandatory; (3) failing to assert that petitioner was eligible for a two-level reduction based upon retroactive application of Amendment 706 to the Guidelines; (4) failing to inform the court of the proper sentencing procedure under 18 U.S.C. § 3581(b); (5) failing to argue that § 841 is unconstitutional due to racially disparate impact; and (6) failing to ensure that information given by petitioner would not be used for sentencing purposes.

On December 29, 2010, respondent moved to dismiss the § 2255 petition. Respondent argues that the waiver in petitioner's plea agreement forecloses many of his arguments, which it contends are raised as an "indirect way for petitioner to appeal his sentence." See Resp.'s Mem. Supp. Mot. to Dismiss 3. Respondent also argues that petitioner fails to assert any possible factual situation in which he could prevail on his ineffective assistance arguments. Petitioner timely responded in opposition to respondent's motion.

On May 13, 2011, the magistrate judge entered his M&R. As noted, the magistrate judge recommends that the court grant respondent's motion and deny petitioner relief on his § 2255 motion. The magistrate judge found no merit in petitioner's arguments of ineffective assistance of counsel. Petitioner did not file any objection to the magistrate judge's recommended disposition, and the time within which to do so has passed.

## DISCUSSION

A. Standard of Review

The district court reviews *de novo* only those portions of a magistrate judge's analysis to which specific objections have been filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B. Analysis

The magistrate judge addressed each of the arguments raised by petitioner. After careful review, the court finds no error in the magistrate judge's conclusion that petitioner failed to present a meritorious ineffective assistance of counsel claim. A petitioner must show both that counsel's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. The magistrate judge rightly concluded that each of the arguments that petitioner suggests his counsel should have made were meritless.[2] As such, the magistrate judge did not err in determining that petitioner failed to show unreasonable conduct by his counsel or a reasonable probability that the

---

[2] Specifically, the magistrate judge concluded (1) that there was no valid basis to move to dismiss the indictment under the Speedy Trial Act, (2) that the court did not treat the Guidelines as mandatory, (3) that petitioner was not eligible for application of Amendment 706, (4) that § 841(a) is constitutional, (5) that petitioner's sentence complied with § 3581, and (6) that counsel objected to the use at sentencing of information revealed at debriefing during or following plea negotiations.

3

results of the proceeding would have been different had his counsel raised the issues identified by petitioner. See, e.g., United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim . . . .").

Because the magistrate judge did not clearly err in his analysis, the court adopts the findings and recommendations set forth in the M&R in full. For the reasons given by the magistrate judge, respondent's motion to dismiss is granted and petitioner's motion to vacate under § 2255 is dismissed with prejudice.

C.   Certificate of Appealability

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, upon a careful review of the record, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 109) as its own. Respondent's motion to dismiss (DE # 101) is GRANTED and the petition (DE # 96) is DISMISSED with prejudice. The Clerk is directed also to terminate docket entry 88. Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 26th day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge