IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CR-53-FL-1
No. 4:16-CV-172-FL

| | | |
|---|---|---|
| MUSHULLA SALEEM NIXON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to reopen (DE 156). Petitioner represents that due to a lack of communication, which was caused by him being held in the Special Housing Unit ("SHU") and subject to extremely limited phone privileges, petitioner's appointed counsel voluntarily dismissed his § 2255 case. Petitioner seeks to have the case reopened and another attorney appointed.

A review of the record reveals that petitioner's appointed counsel filed a second or successive motion under 28 U.S.C. § 2255 on June 26, 2016. The next day, this court ordered the government to file a response to the motion within 40 days. On July 25, 2016, the Fourth Circuit Court of Appeals denied petitioner's request for authorization to file a second or successive § 2255 motion. Petitioner's appointed counsel moved to withdraw on July 26, 2016, and this court granted counsel's motion. On July 26, 2016, the Fourth Circuit filed a corrected order, which authorized petitioner to file a second or successive § 2255 motion. On August 2, 2016, the government moved to stay the case pending the Supreme Court's final decision in Beckles v. United States, No. 15-8544. On August 2, 2016, appointed counsel entered a notice of appearance for the limited purpose

of representation as set forth within Standing Order 15-SO-02. On March 14, 2017, this court lifted the stay and directed petitioner to show cause why his motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). On March 22, 2017, Petitioner's appointed counsel filed a notice of voluntary dismissal.

This court concludes that the voluntary dismissal of petitioner's § 2255 motion was the result of his inability to communicate with his appointed counsel. Because this constitutes good cause to reopen petitioner's § 2255 case, his motion to reopen (DE 156) is GRANTED. Petitioner filed a supplement to his § 2255 motion on April 17, 2017. The government's response, if any, is due **May 17, 2017**.

As for petitioner's request for additional appointed counsel, there is no constitutional right to counsel in section 2255 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]"); United States v. Williamson, 706 F .3d 405, 416 (4th Cir. 2013). Petitioner had appointed counsel that withdrew in light of Beckles. The court concludes that the interests of justice do not require another appointment of counsel. Accordingly, this request is DENIED.

SO ORDERED, this the 2nd day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge