IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CR-53-FL-1
No. 4:10-CV-112-FL

| | | |
|---|---|---|
| MUSHULLA SALEEM NIXON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 144), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), and petitioner's supplement to motion to vacate (DE 159). Also before the court is the government's motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 162). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate, dismisses petitioner's supplement, and grants the government's motion to dismiss.

**BACKGROUND**

On May 5, 2008, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. On October 14, 2008, this court sentenced petitioner to 277 months imprisonment. Petitioner appealed this court's judgment. The Fourth Circuit Court of Appeals denied the government's motion to dismiss in part and affirmed petitioner's conviction. See United States v. Nixon, 352 F. App'x 786 (4th Cir. 2009).

On August 16, 2010, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255. The motion was subsequently denied. On April 4, 2014, petitioner filed his second § 2255 motion. The motion was dismissed without prejudice to petitioner to seek pre-filing authorization from the Fourth Circuit to file his second or successive § 2255 motion.

On June 26, 2016, petitioner's appointed counsel filed the instant § 2255 motion, arguing that in light of the Supreme Court's decision in <u>Johnson</u>, he was improperly sentenced as a career offender.[1] On July 25, 2016, petitioner's motion, filed pursuant to 28 U.S.C. §§ 2244(b), 2255(h) for authorization to file a second or successive § 2255 motion, was denied by the Fourth Circuit. On July 26, 2016, the Fourth Circuit filed a corrected order, in which it granted petitioner authorization to file a second or successive § 2255 motion.

On August 2, 2016, this court stayed the case pending the Supreme Court's final decision in <u>Beckles v. United States</u>, 15-8544. On March 14, 2017, this court lifted the stay and ordered petitioner to show cause why his § 2255 motion should not be dismissed in light of <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017). On March 22, 2017, petitioner's counsel filed a notice of voluntary dismissal.

On March 27, 2017, petitioner filed a motion to reopen his § 2255 motion. This court concluded that the voluntary dismissal of petitioner's § 2255 motion was the result of petitioner's inability to communicate with his appointed counsel and granted the motion. On April 17, 2017, petitioner filed a supplement to his § 2255 motion, arguing that the career offender enhancement was erroneously applied under <u>United States v. Davis</u>, 720 F.3d 215 (4th Cir. 2013), because several of his prior convictions were consolidated into one sentence under North Carolina law, and therefore,

---

[1] Petitioner's counsel was appointed pursuant to Standing Order 15-SO-02.

he did not have the two predicate convictions necessary for career offender designation. On May 17, 2017, the government filed its motion to dismiss, arguing that petitioner's § 2255 motion should be dismissed for failure to state a claim upon which relief can be granted. Petitioner responded in opposition on May 25, 2017 and June 2, 2017.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Motion to Vacate

In the instant § 2255 motion, petitioner argues that, in light of the Supreme Court's decision in Johnson, he was improperly sentenced as a career offender. Mot. Vacate (DE 144) at 4. In particular, petitioner contends that his North Carolina conviction for indecent liberties with a child is not a valid predicate conviction for the career offender enhancement. Id.

In Johnson, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a "violent felony" for purposes of § 924(e),

3

if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in Johnson held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court later decided Welch v. United States, 136 S. Ct. 1257, 1268 (2016), which held that Johnson applies retroactively to cases on collateral review.

Petitioner relies on Johnson's reasoning to challenge application of a residual clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing.[2] The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Thus, petitioner may not rely on Johnson's reasoning to attack his designation as a career offender. Consequently, this claim must be dismissed.

    2.    Supplement to Motion to Vacate

In his supplement, petitioner argues that the career offender enhancement was erroneously applied under Davis, because several of his prior convictions were consolidated into one sentence under North Carolina law. Supplement (DE 159) at 2-4. Petitioner concludes that he did not have the two prior convictions necessary for career offender designation. Id. at 5.

    a.    Untimely

A one-year period of limitation applies to claims in a motion filed pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

---

[2] The definition of "crime of violence," revised August 1, 2016, no longer contains a residual clause.

movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, the court sentenced petitioner on October 14, 2008, and he appealed the court's judgment. On November 19, 2009, the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. See Nixon, 352 F. App'x at 786. Petitioner did not file a petition for certiorari with the United States Supreme Court. Therefore, petitioner's judgment became final on approximately February 19, 2010.[3] See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that finality attaches when the Supreme Court affirms a conviction on the merits on direct review, denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires).

Because petitioner's judgment became final on February 19, 2010, he had until February 19, 2011 to file a timely claim. Petitioner's supplement was filed on April 6, 2017, at the earliest.[4] Thus, petitioner's motion was filed more than six years outside the filing period provided by § 2255(f)(1).

Petitioner's supplement is also untimely under § 2255(f)(4). Under this section, the one-year statute of limitations begins running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.

---

[3] Petitioner had 90 days from entry of the judgment by the Fourth Circuit within which to file a petition for certiorari. See Supreme Court Rule 13(1).

[4] A pleading submitted by a prisoner acting pro se is deemed filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). In this case, petitioner's filing is dated April 6, 2017. See Supplement (DE 159) at 1-5.

§ 2255(f)(4). The claim in petitioner's supplement is based on a sentencing error, and petitioner was sentenced on October 14, 2008. Petitioner's supplement, however, was not filed until April 6, 2017. Consequently, petitioner's supplement is not timely pursuant to § 2255(f)(4).

Petitioner has also failed to show that he is entitled to equitable tolling. In order to prevail on an equitable tolling theory, a petitioner must demonstrate: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing). Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 motion. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding that attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Rouse v. Lee, 339 F.3d 238, 248-50 (4th Cir. 2003) (holding that attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). In sum, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his § 2255 motion. Accordingly, petitioner's supplement must be dismissed.

    b.    Procedurally Defaulted

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotations and citations

omitted). To overcome procedural default, a defendant must demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." Id. at 622.

In order to show "cause" for a procedural default, a movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to raise the claim. Murray v. Carrier, 477 U.S. 478, 492 (1986); Turner v. Jabe, 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Murray, 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception to default, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

The basis of petitioner's motion, the Fourth Circuit's decision in Davis, was released on June 24, 2013. Petitioner's second § 2255 motion was filed on April 4, 2014, and he did not raise a claim under Davis. See Mot. Vacate (DE 125). Rather, petitioner raised his Davis claim for the first time in his supplement that was filed on April 17, 2017. Petitioner has not attempted to demonstrate cause and prejudice, or that he is actually innocent. Thus, petitioner fails to meet the standard for overcoming his procedural default. Consequently, the claim raised in petitioner's supplement is procedurally defaulted and must be dismissed.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they

7

are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 144), DISMISSES petitioner's supplement to his motion to vacate (DE 159), and GRANTS the government's motion to dismiss (DE 162). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of July, 2017.

LOUISE W. FLANAGAN
United States District Judge