IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CR-53-FL-1
No. 4:10-CV-112-FL

| | | |
|---|---|---|
| MUSHULLA SALEEM NIXON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion for summary judgment (DE 173) and motion for reconsideration (DE 176). The issues raised are ripe for ruling. For the reasons that follows, the court denies petitioner's motions.

**BACKGROUND**

For ease of reference, a pertinent portion of the background of the case set forth in the court's July 11, 2017 order is restated here:

> On May 5, 2008, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. On October 14, 2008, this court sentenced petitioner to 277 months imprisonment. Petitioner appealed this court's judgment. The Fourth Circuit Court of Appeals denied the government's motion to dismiss in part and affirmed petitioner's conviction. See United States v. Nixon, 352 F. App'x 786 (4th Cir. 2009).
>
> On August 16, 2010, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255. The motion was subsequently denied. On April 4, 2014, petitioner filed his second § 2255 motion. The motion was dismissed without prejudice to petitioner to seek pre-filing authorization from the Fourth Circuit to file his second or successive § 2255 motion. On June 26, 2016, petitioner's appointed counsel filed the instant § 2255 motion, arguing that in light of the Supreme Court's decision in Johnson[ v. United States, 135 S. Ct. 2551 (2015)], he was improperly sentenced as a career offender. . . . On July 26, 2016, the Fourth Circuit filed a corrected order, in which

> it granted petitioner authorization to file a second or successive § 2255 motion . . . .
>
> On April 17, 2017, petitioner filed a supplement to his § 2255 motion, arguing that the career offender enhancement was erroneously applied under United States v. Davis, 720 F.3d 215 (4th Cir. 2013), because several of his prior convictions were consolidated into one sentence under North Carolina law, and therefore, he did not have the two predicate convictions necessary for career offender designation.

On July 11, 2017, this court denied petitioner's motion to vacate, finding petitioner cannot rely on Johnson's reasoning to attack his designation as a career offender, and dismissed petitioner's supplement to his motion to vacate as untimely and procedurally defaulted. On July 14, 2017, petitioner filed the instant motion for summary judgment, challenging again his career offender designation pursuant to Davis. On July 27, 2017, petitioner filed the instant motion for reconsideration pursuant to Federal Rules of Civil Procedure 60(b) requesting reconsideration of the court's dismissal of petitioner's April 17, 2017 supplemental motion and requesting to demonstrate he is "actually innocent" of his career offender enhancement.

The court "must classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Petitioner's motion for summary judgment and motion for reconsideration attack his underlying conviction; thus, petitioner's motions are second or successive petitions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005); United States v. McRae, 793 F.3d 392, 397 (4th Cir. July 13, 2015) ("[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition.") (internal quotation omitted). Such a petition may not be brought prior to receiving certification from the United States Court of Appeals for the Fourth Circuit that the new petition contains either newly discovered evidence or

"a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see Winestock, 340 F.3d at 205. Plaintiff presents no such certification. Accordingly, petitioner's § 2255 claims must be dismissed.

**CONCLUSION**

Based on the foregoing, petitioner's motions (DE 173, 176) are DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th of November, 2017.

LOUISE W. FLANAGAN
United States District Judge

3