IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CR-53-FL-1
No. 4:10-CV-112-FL

| | | |
|---|---|---|
| MUSHULLA SALEEM NIXON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to reopen and alter judgement pursuant to Federal Rule of Civil Procedure 60(a), (b)(6) and motion to appoint counsel. (DE 180). Additionally, petitioner has filed a motion for copy of this plea agreement. (DE 192). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to reopen and alter judgment, denies his motion to appoint counsel, and grants his motions for copy of his plea agreement.

**BACKGROUND**

On May 5, 2008, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. On October 14, 2008, this court sentenced petitioner to 277 months imprisonment. The Court of Appeals for the Fourth Circuit affirmed petitioner's conviction. See United States v. Nixon, 352 F. App'x 786 (4th Cir. 2009).

On August 16, 2010, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255. The motion was subsequently denied. On April 4, 2014, petitioner filed his second § 2255 motion.

The motion was dismissed without prejudice to petitioner to seek pre-filing authorization from the Fourth Circuit to file his second or successive § 2255 motion.

On June 26, 2016, petitioner's appointed counsel filed another § 2255 motion, arguing that in light of the Supreme Court's decision in Johnson, he was improperly sentenced as a career offender.[1] On July 26, 2016, the Fourth Circuit granted petitioner authorization to file a second or successive § 2255 motion.

On August 2, 2016, this court stayed the case pending the Supreme Court's final decision in Beckles v. United States, 137 S. Ct. 886 (2017). On March 14, 2017, this court lifted the stay and ordered petitioner to show cause why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). On March 22, 2017, petitioner's counsel filed a notice of voluntary dismissal.

On March 27, 2017, petitioner filed a motion to reopen his § 2255 motion, which the court granted, concluding that the voluntary dismissal of petitioner's § 2255 motion was the result of petitioner's inability to communicate with his appointed counsel. On April 17, 2017, petitioner filed a supplement to his § 2255 motion, arguing that the career offender enhancement was erroneously applied under United States v. Davis, 720 F.3d 215 (4th Cir. 2013), because several of his prior convictions were consolidated into one sentence under North Carolina law, and therefore, he did not have the two predicate convictions necessary for career offender designation. On May 17, 2017, the government filed its motion to dismiss.

On July 11, 2017, the court denied petitioner's motion to vacate, dismissed petitioner's supplement, and granted the government's motion to dismiss, finding that 1) the Supreme Court's

---

[1] Petitioner's counsel was appointed pursuant to Standing Order 15-SO-02.

decision in Beckles precluded prisoner from relying on Johnson's reasoning to attack his designation as a career offender and 2) petitioner was unable to challenge his career status under Davis because his claims were untimely and procedurally defaulted. Thereafter, petitioner filed a motion for summary judgment and motion for reconsideration, which the court dismissed on November 8, 2017, classifying petitioner's pleadings as second or successive petitions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which petitioner cannot bring without prior authorization from the Fourth Circuit.

On November 13, 2017, petitioner filed the instant motion to reopen and alter judgment pursuant to Rule 60 and motion to appoint counsel.

**COURT'S DISCUSSION**

A. Motion to Reopen

The court "must classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Petitioner's instant motion, although labeled a "motion to reopen," attacks his underlying conviction; thus, petitioner's motion is a second or successive petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005); United States v. McRae, 793 F.3d 392, 397 (4th Cir. July 13, 2015) ("[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition.") (internal quotation omitted). Such a petition may not be brought prior to receiving certification from the United States Court of Appeals for the Fourth Circuit that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

3

previously unavailable." 28 U.S.C. § 2255; see Winestock, 340 F.3d at 205. Plaintiff presents no such certification. Accordingly, petitioner's § 2255 claim must be dismissed.

Even if petitioner's claims were not second or successive, petitioner's claims fail on the merits. Petitioner again argues before the court that his prior convictions do not qualify under the sentencing guidelines in order for petitioner to be designated as a career offender and petitioner's sentence to be enhanced. (See DE 180 at 1 ("petitioner's 2007, prior state convictions, did not qualify as 'sentences for at least two prior felonies at the time of sentencing . . . which therefore precluded petitioner's career offender enhancement from applying."); see also DE 125; DE 144 at 4; DE 159).

However, petitioner was correctly designated a career offender under the Sentencing Guidelines. Under the Sentencing Guidelines, a "defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. In order to qualify, either the "crime of violence" or the "controlled substance offense" must by any offense under federal or state law, punishable by imprisonment for a term exceeding one year. Id. at § 4B1.2. Additionally, the sentences for at least two of the aforementioned felony convictions must be counted separately under the provisions of § 4A1.1(a), (b), or (c). Id. Only the last element, whether defendant has at least two qualifying prior felony convictions, is in dispute. Currently, petitioner argues that his 2007 felony conviction for indecent liberties with a child is not a qualifying predicate offense, although previously petitioner has challenged other prior convictions as predicate offenses as well.

4

Petitioner's presentence report ("PSR") lists the following prior felony convictions punishable by a term exceeding one year: 1) accessory after the fact, 2) identity theft, 3) possession with intent to sell/deliver cocaine, 4) possession with intent to sell/deliver marijuana, 5) possession with intent to sell/deliver cocaine, 6) trafficking in cocaine, and 7) indecent liberties with child. (PSR (DE 61) at ¶¶ 22, 23, 25, 29, 30, 32, 33). Petitioner's felony convictions for felonies 1-3, accessory after the fact, identify theft, and possession with intent to sell/deliver cocaine, were consolidated, with petitioner receiving 14 to 17 months custody for the consolidated charges. (Id. at ¶¶ 22, 23, 25). Petitioner's felony convictions for felonies 4-6, possession with intent to sell/deliver marijuana, possession with intent to sell/deliver cocaine, and trafficking cocaine, were consolidated, with petitioner receiving 35 to 42 months custody for the consolidated charges. (Id. at ¶¶ 29, 30, 32).

Because petitioner has two qualifying consolidated sentences under North Carolina law, each of which involving "controlled substance offenses," petitioner was correctly designated a career offender. See United States v. Davis, 720 F.3d 215, 219 (4th Cir. 2013) ("We hold today that where a defendant receives a 'consolidated sentence' (or 'consolidated judgment') under North Carolina law, it is one sentence and absent another qualifying sentence, the enhancement is inapplicable."); see also United States v. Mitchell, 679 F. App'x 259, 261 n.2 (4th Cir. 2017) ("Here, the district court counted Mitchell's sentence for [possession with intent to sell and deliver] cocaine, which was consolidated for judgment with his cocaine trafficking conviction, as a single prior sentence, consistent with Davis.").[2]

Accordingly, petitioner has failed to demonstrate a meritorious claim or defense, and his

---

[2] Additionally, petitioner's criminal history category was determined not only by the career offender enhancement but also independently by criminal history points. (See PSR (DE 61) at ¶ 38).

motion to reopen and alter judgment is denied.

B.  Motion to Appoint Counsel

Regarding petitioner's motion to appoint counsel, there is no constitutional right to counsel in § 2255 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions [.]"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Petitioner has failed to demonstrate circumstances warranting the appointment of counsel. Consequently, petitioner's motion for appointment of counsel must be denied.

C.  Motion for Copy of Plea Agreement

In his motion for copy of plea agreement, petitioner avers that he has contacted the clerks office and submitted the necessary fees to that office in order to receive a copy of his plea agreement. For good cause shown, petitioner's motion for copy of plea agreement is granted, and the court orders release of a copy of petitioner's plea agreement. The clerk is directed to send petitioner a copy of his plea agreement, upon confirmation of receipt of the fees commensurate with the cost of providing said copy.

D.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 482-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of

appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to reopen and alter judgment and motion to appoint counsel (DE 180). Petitioner's motion for copy of plea agreement (DE 192) is GRANTED as set forth herein. A certificate of appealability is DENIED.

SO ORDERED, this the 20th day of April, 2018.

LOUISE W. FLANAGAN
United States District Judge